UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:25 CR 00274 SEP |
| | ) | |
| JOEL KERBRAT, | ) | |
| | ) | |
| Defendant. | ) | |

## GUILTY PLEA AGREEMENT

Come now the parties and hereby agree, as follows:

### 1.    PARTIES:

The parties are Defendant Joel Kerbrat, represented by defense counsel Alex Turpin, and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

### 2.    GUILTY PLEA:

#### A.    The Plea:

Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for Defendant's voluntary plea of guilty to Count I of the Indictment, the Government agrees that no further federal prosecution will be brought in this District relative to Defendant's violations of federal law, known to the United States at this time, arising out of the events set forth in the Indictment and in this plea agreement.

1

**B.**     **The Sentence:**

The parties agree that the recommendations contained herein set forth some U.S. Sentencing Guidelines that are applicable to this case. The parties further agree that either party may request a sentence above or below the U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category) ultimately determined by the Court pursuant to any chapter of the Guidelines, Title 18, United States Code, Section 3553, or any other provision or rule of law not addressed herein. The parties further agree that notice of any such request will be given no later than ten (10) days prior to sentencing and that said notice shall specify the legal and factual bases for the request. The parties further agree that the Government will recommend that Defendant's sentence run consecutively to any sentence imposed in 4:10 CR00187-1 SEP, while Defendant may recommend that the sentences run concurrently. The parties understand that the Court is neither a party to nor bound by the Guidelines recommendations agreed to in this document.

**3.**     **ELEMENTS:**

As to Count I, Defendant admits to knowingly violating Title 18, United States Code, Section 2250(a), and admits there is a factual basis for the plea and further fully understands that the elements of the crime are as follows:

**(i)**      Defendant is required to register under the Sex Offender Registration and Notification Act (SORNA);

**(ii)**     Defendant is a sex offender as defined for purposes of SORNA by reason of a federal conviction; and

**(iii)**    Defendant knowingly failed to update his registration as required under SORNA, while living in the Eastern District of Missouri.

2

4.    **FACTS:**

The parties agree that the facts in this case are as follows and that the Government would prove these facts beyond a reasonable doubt if the case were to go to trial.  These facts may be considered as relevant conduct pursuant to Section 1B1.3:

Defendant is subject to a life term of supervised release and is required to register under federal and state law after being convicted and sentenced for Possession of Child Pornography in cause 4:10 CR 187 SEP. Pursuant to 34 U.S.C. § 20916(a) et seq. and Missouri state law, Defendant must register his "Internet identifiers," including any social media accounts. Missouri law further requires that any changes to an offender's Internet identifiers must be reported within three days of said change. (RSMO § 589.414.)

On July 18, 2024, Defendant's federal probation officer visited him at his home in Farmington, within the Eastern District of Missouri. The officer observed an Acer laptop and a Motorola cell phone in plain view. Defendant initially claimed that the two devices belonged to his wife, and Defendant's wife provided passwords to both devices. The officer looked at the laptop and found a program to generate AI images, as well as a profile for an AI generated teenage girl. Defendant then admitted that he had been using the laptop and the cell phone for the past six months, and that he had used the AI program to create images depicting child pornography. The devices were seized.

Forensic examination confirmed Defendant's use of both devices. Defendant utilized numerous online email and social networking accounts with various Internet identifiers, including but not limited to the following:

- Discord social media account with username "octopal00"

- Email account kilraven1981@yahoo.com

3

- Partners.livechat.com account with username kilraven1981@gmail.com

Defendant had not registered any of these Internet identifiers with law enforcement.

Defendant was a member of a Discord group where members discussed and promoted the production of AI generated pornographic images. Defendant utilized a website, "perchance.org," to create AI images of child pornography, which he visited hundreds of times. Examples of the web pages Defendant visited include:

- https://perchance.org/build-a-preteen

- https://perchance.org/my-fantasy-females

- https://perchance.org/make-girl

The examiner found three documents on Defendant's laptop with written stories about minors engaging in sex acts. Other text files within a documents folder contained prompts for an AI generator, including one, "Prompt for twins.odt," with the following text:

> Tween (age 12) female twins. 5'7" tall, hourglass (42"-26"-39" ) figure. Voluptuous (36F). Exquisite, exotic beauty. Long, straight red hair in ponytails. Piercing green eyes that exude an insatiable desire to fuck. Lying down on the big blanket in the backyard, wearing a gossemer-thin, translucent robes, untied and open to expose their tan skin, ample breasts, the curves of their figures, and, spreading their legs apart, their pussies.

Defendant utilized the AI program to create 52 images of digitally created Child Sexual Abuse Material (CSAM) involving depictions of prepubescent girls, 251 images of "potential CSAM" involving depictions of teenage girls, hundreds of images depicting nude children, and thousands of depictions of adult pornography. The digitally created CSAM mostly depicted prepubescent girls performing oral sex on males. The AI generated CSAM images qualify as "Obscene visual representations of the sexual abuse of children," under 18 U.S.C. § 1466A(a).

4

5.    **STATUTORY PENALTIES:**

As to Count I, the defendant fully understands that the maximum possible penalty provided by law for the crime of Failure to Register under SORNA, to which the defendant is pleading guilty is imprisonment of not more than ten years, and a fine of not more than $250,000.  The Court may also impose a period of supervised release of not more than life and not less than five years.

6.    **U.S. SENTENCING GUIDELINES: 2025 MANUAL:**

The Defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category.  The parties agree that the following are U.S. Sentencing Guidelines Total Offense Level provisions that apply.

A.    **Chapter 2 Offense Conduct:**

i.    **Base Offense Level:**  The parties agree that Defendant is a Tier I sex offender, with a base offense level of twelve (12), found in Section 2A3.5(a)(2).

ii.    **Specific Offense Characteristics:**  The parties agree that the following Specific Offense Characteristics apply: none known at this time.

B.    **Chapter 3 Adjustments:**

i.    **Acceptance of Responsibility:** The parties recommend that two levels should be deducted pursuant to Section 3E1.1(a) because Defendant has clearly demonstrated acceptance of responsibility. If the deduction pursuant to Section 3E1.1(a) is applied, and the resulting offense level is 16 or greater, then the United States moves to deduct one additional level pursuant to Section 3E1.1(b), because Defendant timely notified authorities of his intent to plead guilty,

5

thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

The parties agree that if Defendant does not abide by all of the agreements made within this document, Defendant's failure to comply is grounds for the loss of acceptance of responsibility pursuant to Section 3E1.1. The parties further agree that Defendant's eligibility for a reduction pursuant to Section 3E1.1 is based upon the information known at the present time and that any actions of Defendant which occur or which become known to the United States subsequent to this agreement and are inconsistent with Defendant's acceptance of responsibility including, but not limited to criminal conduct, are grounds for the loss of acceptance of responsibility pursuant to Section 3E1.1. In any event, the parties agree that all of the remaining provisions of this agreement remain valid and in full force and effect.

C.    **Estimated Total Offense Level:**  The parties estimate a Total Offense Level of ten (10).

D.    **Criminal History:**  The determination of Defendant's Criminal History Category shall be left to the Court.  Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable category.   The defendant's criminal history is known to Defendant and is substantially available in the Pretrial Services Report.

E.    **Effect of Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines.  The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

6

7.    **WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:**

A.    **Appeal:**    The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

i.    **Non-Sentencing Issues:**  The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea, the constitutionality of the statute(s) to which Defendant is pleading guilty and whether Defendant's conduct falls within the scope of the statute(s).

ii.    **Sentencing Issues**:  In the event the Court accepts the plea and, after determining a Sentencing Guidelines range, sentences the defendant to no more than 60 months imprisonment then, as part of this agreement, the defendant hereby waives all rights to appeal all sentencing issues. The Government hereby waives all rights to appeal all sentencing issues provided the Court accepts the plea and sentences Defendant within or above the applicable Guidelines range.

B.    **Habeas Corpus:**  Defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

C.    **Right to Records:**  Defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

**8.    OTHER:**

**A.    Disclosures Required by the United States Probation Office:** Defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the Government.

**B.    Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:** Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the defendant.

**C.    Supervised Release:** Pursuant to any supervised release term, the Court will impose standard conditions upon Defendant and may impose special conditions related to the crime Defendant committed. Some of these special conditions may include that Defendant not have contact with minors without the authorization of the Probation Officer, that Defendant participate in sexual offender counseling and that Defendant not maintain a post office box. In addition, as a condition of supervised release, Defendant shall initially register with the state sex offender registration in Missouri and shall also register with the state sex offender registration agency in any state where Defendant resides, is employed, works, or is a student, as directed by the Probation Officer. Defendant shall comply with all requirements of federal and state sex offender registration laws.

These and any other special conditions imposed by the Court will be restrictions with which Defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require Defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code,

Section 3583(e)(3), without credit for the time served after release. Defendant understands that parole has been abolished.

  **D.**  **Mandatory Special Assessments:** Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $100, which Defendant agrees to pay at the time of sentencing. Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

  **E.**  **Possibility of Detention:** Defendant shall be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

  **F.**  **Fines, Restitution and Costs of Incarceration and Supervision:** The Court may impose a fine, costs of incarceration and costs of supervision. Defendant agrees that any fine imposed by the Court will be due and payable immediately.

  **G.**  **Forfeiture:** Defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States. Defendant agrees that said items may be disposed of by law enforcement officials in any manner. Defendant specifically forfeits his Acer laptop and his Motorola cell phone.

**9.**  **ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:**

  In pleading guilty, Defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to

require the Government to prove the elements of the offenses charged against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses.  Defendant further understands that by this guilty plea, Defendant expressly waives all the rights set forth in this paragraph.

Defendant fully understands that the Defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding.  Defendant's counsel has explained these rights and the consequences of the waiver of these rights.  Defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

Defendant understands that by pleading guilty, Defendant will be subject to federal and state sex offender registration requirements, and that those requirements may apply for life. Defendant understands that Defendant must keep said registrations current, shall notify the state sex offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information.  Defendant shall comply with requirements to periodically verify in person said sex offender registration information. Defendant understands that defendant will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements.  If Defendant resides in Missouri following release from prison, defendant will be subject to the registration requirements of Missouri state law.  Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon release from confinement following

conviction. Defense counsel has advised Defendant of the possible sex offender registration consequences resulting from the plea.

Defendant is fully satisfied with the representation received from defense counsel. Defendant has reviewed the Government's evidence and discussed the Government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which Defendant has requested relative to the Government's case and any defenses.

10.   **VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:**

This document constitutes the entire agreement between Defendant and the Government, and no other promises or inducements have been made, directly or indirectly, by any agent of the Government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, Defendant states that no person has, directly or indirectly, threatened or coerced Defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

Defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The defendant further acknowledges that this guilty plea is made of Defendant's own free will and that Defendant is, in fact, guilty.

11.   **CONSEQUENCES OF POST-PLEA MISCONDUCT:**

After pleading guilty and before sentencing, if Defendant commits any crimes, other than minor traffic offenses, violates any conditions of release that results in revocation, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The Government may also, in

11

its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

12.   **NO RIGHT TO WITHDRAW GUILTY PLEA:**

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, Defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the Government agrees to dismiss or not to bring.

3/10/26
_____
Date

_____
MICHAEL K. HAYES
Assistant United States Attorney

3/10/26
_____
Date

_____
JOEL KERBRAT
Defendant

3/10/26
_____
Date

_____
ALEX TURPIN
Attorney for Defendant

12